**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Tierra Seay,** | Bankruptcy No. 22-06303 |
| Debtor. | Hon. Donald R Cassling |

## NOTICE OF MOTION

**Please take notice** that on **Tuesday, September 6, 2022, at 9:30 A.M.,** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Donald R Cassling, United States Bankruptcy Judge for the Northern District of Illinois, and then and there present the attached **Trustee's Motion to Authorize 2004 Examination,** a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID.** The meeting ID for this hearing is 161 414 7941 and the passcode is 619. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: August 29, 2022 **Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Tierra Seay

By: */s/ Ariane Holtschlag*

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

## CERTIFICATE OF SERVICE

    I, Ariane Holtschlag, hereby certify that on August 29, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served on the parties listed below by electronic notice where indicated by the presence of an electronic address or by overnight delivery where indicated.

                                                            */s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| Ariane Holtschlag, trustee | aholtschlag@wfactorlaw.com, aholtschlag@ecf.axosfs.com;bkadmin@axosfs.com;ariane.holtschlag@gmail.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Mitchell Shanks | mshanks@semradlaw.com, ilnb.courtview@SLFCourtview.com |

**Non-Registrants in the Case**
(Service via First-Class U.S. Mail)

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Tierra Seay
14236 S. Stewart Ave
Riverdale, IL 60827

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Tierra Seay,** | Bankruptcy No. 22-06303 |
| Debtor. | Hon. Donald R Cassling |

**MOTION TO AUTHORIZE RULE 2004 EXAMINATION**

Ariane Holtschlag, not individually but solely as the chapter 7 trustee (the "***Trustee***") for the bankruptcy estate of Tierra Seay (the "***Debtor***"), respectfully requests this Court enter an order authorizing a 2004 examination of Tierra Seay, the Debtor herein, pursuant to Fed. R. Bankr. P. ("***Bankruptcy Rule***") 2004 and in support of this requested relief state as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this Application is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1)(A).

**BACKGROUND**

3. On June 3, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating the Case.

4. On July 12, 2022, the Debtor appeared at a meeting of creditors pursuant to section 341 of the Bankruptcy Code. Thereafter the Debtor's

meeting of creditors has been continued from time to time, most recently to September 8, 2022.

5. The Debtor's tax transcript for the tax year ending December 31, 2020 reflects:

> Ordinary Dividend Income: Sch B: $25,628.00
> Qualified Dividends: $23,510.00

6. The Debtor's tax transcript for the tax year ending December 21, 2021 reflects:

> Ordinary Dividend Income: Sch B: $25,970.00
> Qualified Dividends: $25,970.00

7. On Schedule B, the Debtor discloses no interest in stocks or investment accounts.

8. On Schedule I, the Debtor discloses no income from interest or dividends.

9. On her Statement of Financial Affairs, the Debtor discloses income from wages and Link only for 2020, 2021, and 2022.

10. On her Statement of Financial Affairs, the Debtor discloses no transfers of property within 2 years of the Petition Date.

11. At the Debtor's initial meeting of creditors, the Debtor testified that all of the information contained in her Schedules and Statement of Financial Affairs was true and correct.

12. At her meeting of creditors, the Debtor testified that she had not sold any assets worth $500 or more within the four years prior to the Petition Date.

13. At her meeting of creditors, when asked about the dividends reflected on her tax transcripts, the Debtor admitted that prior to the pandemic she had stocks but was unable or unwilling to identify the source of the dividend income and the disposition of that asset.

14. At her meeting of creditors, the Debtor was asked to provide documentation regarding the source of the dividend income and the disposition of that asset.

15. To date, no information or documentation regarding has been provided in response to the Trustee's request.

16. The Trustee now requests authority to take the 2004 examination of the Debtor in order to obtain documents and information related to the source of the dividend income and the disposition of that asset, as follows:

   a. The name, address, phone number, and email address of the tax preparer who prepared the Debtor's 2020 and 2021 tax returns; and

   b. Copies of the Debtor's 2020 and 2021 tax returns together with all schedules and supporting documentation; and

   c. Statements of Account for any/all investment or brokerage accounts for the period of January 1, 2020 through the present; and

   d. Identification of all bonds, mutual funds, publicly traded stocks, non-publicly traded stocks, and incorporated and unincorporated businesses in which the Debtor had an interest during the period of January 1, 2022 through the present; and

   e. Identification of all bond funds, investment accounts with brokerage firms, or money market accounts in which the Debtor had an interest during the period of January 1, 2022 through the present; and

   f. Identification of any property in which the Debtor had an interest that was sold, traded, or otherwise transferred

       during the period of January 1, 2020 through the present.

17. This information is necessary in order for the Trustee to administer the Estate and determine if it is appropriate to seek dismissal or denial of discharge/dischargeability.

## DISCUSSION

18. Under Bankruptcy Rule 2004, a party in interest is entitled to examine the debtor(s) and other parties concerning the acts, conduct, property, liabilities and financial condition of the debtor(s). It is generally recognized that "[t]he scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted." *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996). Courts recognize that Rule 2004 allows for a "fishing expedition" of the creditors and other parties that had dealings with the debtor without the limits placed upon an examination under the Federal Rules of Civil Procedure. *Id.* at 380. *See also Pontikes v. SIP Claimants* (In re Comdisco, Inc.), No. 06 C 1535, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

19. Under the plain language of Bankruptcy Rule 2004, the Trustee is entitled to examine the Debtor, including the production of documents, in order to administer the Estate and determine if it is appropriate to seek dismissal or denial of discharge/dischargeability.

**WHEREFORE**, Ariane Holtschlag, not individually but solely as chapter 7 trustee for the bankruptcy estate of Tierra Seay, respectfully requests that the Court enter an order authorizing the examination of the Debtor under Bankruptcy Rule 2004, directing the Debtor to produce the documents and information listed herein to the Trustee on or before September 20, 2022.

Dated: August 29, 2022                        Respectfully submitted,

                                                     **Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Tierra Seay

                                                     By: */s/ Ariane Holtschlag*

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com