B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ariane Holtschlag, Trustee | **DEFENDANTS**<br>Tierra Seay |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Justin Storer<br>105 W. Madison Suite 1500; Chicago, IL 60602<br>312-878-6976 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Denial of discharge under 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and 727(a)(6)(A).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
■ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ n/a |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Tierra Seay | BANKRUPTCY CASE NO.<br>22-06303 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Cassling | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Justin Storer | | | |
| DATE<br>10/17/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Justin Storer | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Tierra Seay**, | Bankruptcy No. 22-06303 |
| Debtor. | Honorable Donald R. Cassling |
| **Ariane Holtschlag**, **not individually but as the chapter 7 Trustee for the bankruptcy estate of Tierra Seay,** | |
| Plaintiff, | Adversary No. |
| v. | |
| **Tierra Seay**, | |
| Defendant. | |

## COMPLAINT TO DENY DEBTOR'S DISCHARGE

Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay (the "*Trustee*" or "*Plaintiff*"), brings this Complaint against Tierra Seay (the "*Debtor*" or "*Defendant*"), seeking to deny the Debtor's discharge under 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(4)(A), 11 U.S.C. § 727(a)(4)(D), 11 U.S.C. § 727(a)(5), and 11 U.S.C. § 727(a)(6)(A).

The Debtor has repeatedly refused to provide the Trustee necessary information and documentation relating to the Debtor's assets, income, and financial affairs. As such, the Debtor's discharge should be denied.

## JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 7 bankruptcy case, pending before this Court as case number 22-06303 (the "*Case*").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

4. If it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Plaintiff consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

6. This proceeding is an adversary proceeding, pursuant to Federal Rules of Bankruptcy Procedure 7001(4).

## FACTS COMMON TO ALL COUNTS

7. On June 3, 2022, the Debtor commenced the Case by filing a voluntary petition.

8. At that time, the Plaintiff was appointed the Debtor's chapter 7 Trustee, and has all the powers of a trustee, including, pursuant to 11 U.S.C. § 727(c)(1), to object to the granting of a debtor's discharge.

9. Alongside her voluntary petition, the Debtor filed a complete set of schedules, and a statement of financial affairs, and signature pages

attesting to the veracity of the same. (A copy of the complete filing is attached hereto as Exhibit A.)

10. Neither any of the Debtor's schedules, nor her statement of financial affairs, have ever been amended as of this writing.

11. On her schedule A/B, the Debtor listed that she had one bank account, with Bank of America. She listed no other financial accounts.

12. On her schedule A/B, the Debtor listed that she did not have any bonds, mutual funds, publicly-traded stocks, non-publicly-traded stocks, interests in businesses, retirement or pension accounts, annuities, trusts, claims she could bring, or other financial assets.

13. On her schedule A/B, the Debtor valued the sum total of all her property and rights to property at $1,830.00.

14. On her schedule E/F, the Debtor valued her total nonpriority unsecured claims at $25,192.00.

15. On her schedule I, the Debtor listed that she only had one source of income, from her service at University of Chicago Hospital, and that she netted about $2,858.64 per month.

16. Filed alongside the schedules was a "Declaration About an Individual Debtor's Schedules" reciting: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct."

17. A true and correct copy of the Debtor's signature, on that Declaration, appears at page 62 of Exhibit A.

18. On line 4 of her Statement of Financial Affairs, the Debtor listed that she made, from wages (including commissions, bonuses, and tips) $17,000.00 (as of the filing of the Case) in 2022, $40,000 in 2021, and $35,000 in 2020.

19. On line 5 of her Statement of Financial Affairs, the Debtor listed that she received only one other source of income, Link (commonly

understood to indicate State of Illinois cash assistance or SNAP/food stamp benefits), for about $112.00 in 2021 and 2020.

20. Nowhere on her Statement of Financial Affairs did the Debtor disclose any other income in year 2020, 2021, or 2022.

21. Nowhere on her Statement of Financial Affairs did the Debtor disclose any transfers of property within two years before the commencement of the Case.

22. The Debtor executed her Statement of Financial Affairs, indicating "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct."

23. A true and correct copy of the Debtor's signature on the Statement of Financial Affairs appears at page 63 of Exhibit A.

24. On or about June 27, 2022, the Debtor's counsel transmitted documentation to the Trustee, including the Debtor's tax return transcripts for tax years 2020 and 2021. A copy of these transcripts is attached hereto as Exhibit B.

25. The Debtor's 2020 tax return transcript indicates that the Debtor received $25,628.00 in "qualified dividend income" and $1,384 in "business income," bringing her total income (alongside her $34,821 in wages for that year) to $61,833.

26. The Debtor's 2021 tax return transcript indicates that the Debtor received $25,970.00 in "ordinary dividend income," bringing her total income (alongside her $44,017 in wages for that year) to $69,987.

27. At the Debtor's initial meeting of creditors, she testified that all the information in her Schedules and Statement of Financial Affairs was true and correct.

28. At the Debtor's initial meeting of creditors, she testified that prior to the pandemic she had held stocks, but the Debtor was unable or

unwilling to identify the source of the dividend income or the disposition of these assets.

29. On September 6, 2022, the Bankruptcy Court entered an order authorizing examination of the Debtor under Federal Rule of Bankruptcy Procedure 2004, directing that the Debtor shall deliver certain documents to the Trustee on or before September 20, 2022, including, *inter alia*, the name, address, and phone number of the Debtor's tax preparer for tax year 2020 and 2021, copies of the 2020 and 2021 tax returns themselves, statement of accounts for all investment or brokerage accounts in which the debtor had an interest from January 1, 2020 to the present, and related documentation. A copy of this order is attached hereto as Exhibit C.

30. The Trustee personally caused a copy of the 2004 order to be mailed to the Debtor on September 7, 2022. *See* Dkt. No. 18.

31. When that 2004 order was entered, the Debtor was represented by bankruptcy counsel. On September 16, 2022, counsel requested leave to withdraw. This request was granted on September 27, 2022.

32. The Trustee, additionally, personally mailed a letter to the Debtor demanding compliance with the 2004 order and including another copy of the 2004 order on September 26, 2022.

33. The Debtor has not amended her schedules or provided any of the required information.

34. The Debtor has not followed-up with the Trustee in any way.

### COUNT 1 – DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(3)

35. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

36. Pursuant to 11 U.S.C. § 727(a)(3), the Court shall grant a debtor a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which the

debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

37. The Debtor's refusal to provide the trustee information about (at a minimum) her tax preparer, her actual tax returns, her dividend income, and related issues, is not justified under all of the circumstances of the case.

38. The Debtor, instead, has concealed such information.

**WHEREFORE** the Plaintiff, Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay, prays this Court enter an order denying the Debtor's discharge, and that the Court enter such other and further relief as it deems appropriate.

### COUNT 2 – DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(4)(A)

39. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

40. Pursuant to 11 U.S.C. § 727(a)(4)(A), the Court shall grant a debtor a discharge unless the debtor has knowingly and fraudulently, in or in connection with the case, made a false oath or account.

41. The Debtor's schedules and statement of financial affairs provide false oaths or accounts regarding her assets, income, and financial affairs.

42. The Debtor made such false oaths knowingly and fraudulently.

**WHEREFORE** the Plaintiff, Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay, prays this Court enter an order denying the Debtor's discharge, and that the Court enter such other and further relief as it deems appropriate.

### COUNT 3 – DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(4)(D)

43. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

44. Pursuant to 11 U.S.C. § 727(a)(4)(D), the Court shall grant a debtor a discharge unless the debtor has knowingly and fraudulently, in or in connection with the case, withheld from an officer of the estate entitled to possession under the Bankruptcy Code any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

45. The Debtor has refused to provide to the Trustee recorded information, including actual tax returns, financial statements, and account statements.

46. The Debtor refuses to do so knowingly and fraudulently.

**WHEREFORE** the Plaintiff, Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay, prays this Court enter an order denying the Debtor's discharge, and that the Court enter such other and further relief as it deems appropriate.

### COUNT 4 – DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(5)

47. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

48. Pursuant to 11 U.S.C. § 727(a)(5), the Court shall grant a debtor a discharge unless the debtor failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

49. The Debtor has failed to explain satisfactorily why she is unable to pay $25,192.00 in general unsecured debt when she has received dividends exceeding that amount in year 2020 and 2021.

**WHEREFORE** the Plaintiff, Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay, prays this Court enter an order denying the Debtor's discharge, and that the Court enter such other and further relief as it deems appropriate.

### COUNT 5 – DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(6)(A)

50. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

51. Pursuant to 11 U.S.C. § 727(a)(6)(A), the Court shall grant a debtor a discharge unless the debtor has refused to obey any lawful order of the court, other than an order to respond to a material question or to testify.

52. The 2004 examination order was not an order to respond to a material question or to testify. By its terms, it was a directive to the Debtor to provide documentation.

53. The Debtor has refused to comply with the 2004 order.

**WHEREFORE** the Plaintiff, Ariane Holtschlag, not individually, but as the chapter 7 Trustee for the estate of Tierra Seay, prays this Court enter an order denying the Debtor's discharge, and that the Court enter such other and further relief as it deems appropriate.

Respectfully submitted,

Dated: October 17, 2022

**Ariane Holtschlag, not individually but as the chapter 7 bankruptcy trustee for the estate of Tierra Seay,**

By: */s/ Justin R. Storer*
One of her attorneys

{00228421 2}　　　　Page 8 of 9

Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com